(29 Misc. Rep. 81.)

## DUER et al. v. FOX et al.

(Supreme Court, Special Term, New York County. September, 1899.)

PARTY WALLS—CONTRACTS—COVENANTS RUNNING WITH THE LAND.

An agreement for the erection of a party wall, that on payment of a fixed sum the adjoining owner should be entitled to use the wall, which should be a party wall so long as it should stand; that no title to any land should be conveyed by either party; and that when such wall should be removed, the land on which it stood should belong to the parties as if it had not been built,—created a mere contract liability, and not a covenant running with the land, entitling the builder to a lien for the sum agreed to be paid, as against a subsequent purchaser of the adjoining land.

Action by John Duer and others, as executors, etc., against Walter Fox and others to recover under a party-wall agreement. Complaint dismissed.

Duer, Strong & Whitehead (George A. Strong, of counsel), for plaintiffs.

Samuel W. Weiss, for defendants.

RUSSELL, J. In the absence of expressive language charging a lien upon the land, only those obligations in regard to a party wall which flow from the user of the structure can be deemed in the nature of covenants running with the land, as creating a privity of estate in contrast with a privity of personal contract. Thus the obligation to maintain the wall, keep it in repair, and suffer its use in the support of present and future buildings, may well be deemed appurtenant to the respective estates and essential beneficial rights in privity and co-extensive servitudes, while the personal obligation to pay a part of the original cost of the party wall may rest only in privity of contract, and remain purely a chose in action without security. Continuous uses and servitudes are transmitted by conveyances without restrictions, while the personal right of collection for the cost of the original wall would not pass from the constructing grantor to his grantee. Sebald v. Mulholland, 155 N. Y. 455, 50 N. E. 260; Mott v. Oppenheimer, 135 N. Y. 312, 31 N. E. 1097. That portion of the party wall constructed upon a lot belongs to the owner, subject only to those rights of user for the purposes of the adjoining lot which are inferable from the purpose of its mutually beneficial construction, and the land is freed from other obligation except by direct contract, imposing a lien. In the year 1897, Hobart and Thompson owned adjoining lots on the western side of St. Nicholas avenue, in the city of New York. Hobart erected a party wall, presumably finding it advantageous to widen the free use of the space inclosed between his outside wall and the party wall in question, by placing a portion of the latter on the adjoining premises. Thereafter he made a recorded agreement with Thompson, which recited that Hobart had, with the consent and at the request of Thompson, erected such wall partly on each lot, and by which the parties agreed that Thompson might, upon paying $500 to Hobart, use such wall, and the same should thereupon become a party wall, and so remain as long as it should stand. The repairs were to be at the expense of the parties equally. It was further agreed that no title to any land should be deemed to be conveyed to either party by the agreement, and that when the wall should be removed, the land on which it stood should belong to the parties in the same manner as if the wall had never been built. Thompson had the right to close the windows, openings, or recesses when he pleased, and the parties, for themselves, their heirs, executors, administrators or assigns, further agreed that either of them, his heirs, or assigns, or any subsequent owner of either of the lots, might add to the height of the wall, or extend the same in the rear, and, in case the owner of either of the lots should at any time add to the height or extend in the rear, the owner of the other lot, upon making use of such addition or extension, should pay one-half of what it then would cost him to construct the same to the person who originally made the same, or his assigns, and the amount so to be paid should become a lien and charge upon the lot of the party

so using such addition or extension until paid. Hobart is dead, and his executors bring the action to recover the $500, and have the same declared to be a lien upon the Thompson lot, with the usual rights to enforce the lien in case of nonpayment. Thompson conveyed his lot, which by various mesne conveyances has now come to the defendant Fox, who took his conveyance subject to the above agreement between Hobart and Thompson. It will be observed that in this agreement there is no imposition of any charge upon the land for the payment of the $500, half of the original cost of construction, and that the contract in respect to such expense practically closes with the declaration that no title is conveyed by either party, and with the implied privilege of removal of the wall. The subsequent portion of the agreement relates to additions, vertically or horizontally, and imposes a lien and charge upon the lot of the party using such extension in favor of the owner constructing it. Whatever, therefore, might be the right of the owner of the Hobart lot to require the owner of the Thompson lot to pay for any addition or extension his proportionate share upon using the same, the agreement does not expressly or inferentially impose a lien or charge upon the Thompson lot in favor of the personal representatives of the deceased, Hobart, for one-half of the original cost of constructing that portion of the party wall already built at the time the contract was made. As to that wall, there was merely a privity of contract, and not a privity of estate. The complaint is therefore dismissed, with costs. Complaint dismissed, with costs.